UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| MATTHEW JONES, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | No. 23-CV-00446-MSM-PAS |
| RHODE ISLAND STATE POLICE and HOPKINTON POLICE DEPARTMENT, | ) ) ) ) |  |
| Defendants. | ) ) |  |

ORDER

Mary S. McElroy, United States District Judge.

Matthew Jones has sued two entities – the Rhode Island State Police and the Hopkinton (R.I.) Police Department – telling a tale of having been kidnapped and repeatedly raped and beaten by unnamed law enforcement officers up and down the East Coast, including specifically in Rhode Island. He invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332 to bring his claims of state tort liability for assault, battery and negligence. He also brings claims under 42 U.S.C. § 1983 for violations of his civil rights. Both defendants have moved to dismiss pursuant to Fed. R. Civ. P 12(b)(6). (ECF Nos. 9, 11.) The defendants assert a variety of rationales, but one suffices: the claims are barred by the statute of limitations.[1] In response to the

---

[1] The defendants maintain that Mr. Jones is a "serial filer" whose tale is imaginary and whose claims are frivolous. They refer to 13 previous lawsuits dismissed as

1

Motions to Dismiss, Mr. Jones has filed a manifesto whose precise subject matter escapes the Court's description but, in any event, does not respond to the legal contentions made by the defendants.

The statute of limitations for both the § 1983 causes of action and the state-law claims is determined by Rhode Island law. *Bergevine v. D.C.Y.F.,* No. 21-cv-459-WES-PAS, 2021 WL 5997649, at *2 (D.R.I. Dec. 20, 2021). The applicable statute of limitations is three years. *Bergevine,* at *2; R.I.G.L. § 9-1-14. The only time specification in the Complaint attaches the alleged incidents to 1992, some 31 years before the filing of the Complaint on October 27, 2023. Taken on its face, the Complaint was filed well outside the limitations period.

As Mr. Jones is proceeding *pro se*, the Court notes two Rhode Island statutory exceptions that, were they to apply, might extend the limitations period. First, Mr. Jones alleges he was a child at the time of the incidents. Rhode Island law starts the limitations period running at the age of majority which is 18. *Rachal v. O'Neil,* 925 A.2d 920, 924 (R.I. 2007). Mr. Jones' date of birth is not in the record.[2] But if Mr. Jones were even one day old in 1992 – and assuming the alleged events took place at the very tail end of 1992 – he would have turned 18 years of age, *at the latest,* on

---

frivolous, including two brought in Vermont and New York that are "eerily similar." (ECF No. 10 at 4-5.) While the allegations of widespread predatory acts by law enforcement officers in multiple states are concededly wild and, one might say, fantastical, the Court is not prepared to declare that Mr. Jones' assertions are wholly implausible as a matter of law when there are alternative grounds for dismissal.

[2] The Rhode Island State Police asserts that it found on Facebook Mr. Jones' date of birth as March 3, 1986, but because of the Court's reasoning above, it need not accept that extra-judicial information as fact.

December 31, 2010 – still 13 years before he filed this action – and the filing would be ten years too late. So, the tolling exception for minors cannot mathematically apply.

Second, Rhode Island has extended the limitations period for sexual assaults upon children to 35 years in the case of perpetrators of the assaults.[3] R.I.G.L. § 9-1-51. It is similarly extended for non-perpetrators who negligently supervised a perpetrator or whose "conduct caused or contributed to the childhood sexual abuse by another person to include, but not be limited to, wrongful conduct, neglect or default in supervision, hiring, employment, training, monitoring, or failure to report and/or the concealment of sexual abuse …" *Id.* Whether this special extension applies to § 1983 actions is not settled in this Circuit.[4] But even if it did, Mr. Jones has not sued or named any individual defendants: he has sued only the police entities. The statute of limitations would be extended under § 9-1-51 only if either entity actively "caused or contributed to the childhood sexual abuse" in one of several specific ways. There

---

[3] Mr. Jones does, in his Complaint, claim there is no statute of limitations for sexual assault and other crimes, but he cites federal criminal law, the Delaware Tort Claims Act and the Federal Tort Claims Act, none of which are relevant to this civil action.

[4] In *Bergevine,* the Magistrate Judge concluded on the strength of *Gavin v. Board of Education, South Orange-Maplewood School District,* Civ. No. 20-09191 (KM) (JSA), 2021 WL 1050364, at *5-9 (D.N.J. Mar. 18, 2021), that it does not. "As *Gavin* notes, every Circuit that has addressed the issue has held that § 1983 suits are controlled by the applicable state's general personal-injury statute of limitations and that special statutes of limitations, such as those extending the period for claims of childhood sexual abuse, may not be applied." In addition, the Court notes *Doe v. Order of St. Benedict in Portsmouth, Rhode Island,* C.A. No. 20-cv-500 WES, 2024 WL \_\_\_\_, *1 (D.R.I. Feb. 9, 2024), which held that the non-perpetrator exception was enacted prospectively only.

are no allegations in the Complaint that they did.  Thus, § 9-1-51 cannot save this case from dismissal.

The Motions to Dismiss (ECF Nos. 9, 12) are GRANTED.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge


Date:  February  26, 2024